**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JIMELLE JONES,** | **Civil Action No. 25-892 (RK)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **BECKY SCOTT, et al.,** | |
| **Defendants.** | |

Plaintiff Jimelle Jones, a pretrial detainee confined at Hudson Country Correctional Center, seeks to bring a civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims for relief under 42 U.S.C. § 1983. (*See* ECF Nos. 1, 1-1.) For the reasons explained in this Memorandum Opinion, the Court denies without prejudice Plaintiff's IFP application (ECF No. 1-1), dismisses the federal claims in the Complaint (ECF No. 1) pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), declines supplemental jurisdiction over any state law claims, and provides him with leave to submit a new IFP application and an amended complaint within 45 days.

**I.    The IFP Application is Deficient**

The Prison Litigation Reform Act of 1995 ("PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of

each prison at which he was or is confined. *Id.* Here, Plaintiff has submitted a certification from a prison official but has not submitted a prison account statement covering the six-month period immediately preceding the filing of this action, as required by statute. The Court denies Plaintiff's IFP application without prejudice on that basis and provides him with leave to submit a new IFP application within 45 days that includes the required account statement.

**II.    The Complaint Fails to State any Federal Claims**

Under the PLRA, district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis* and *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), "a court has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). The Court exercises its authority to screen Plaintiff's Complaint at this time.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the pleading stage, the Court accepts the facts alleged in the pro se complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

Conclusory allegations, however, do not suffice. *Iqbal*, 556 U.S. at 678. Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff alleges that he was stabbed in jail, presumably by another inmate, and he has sued Becky Scott, Sharonda Murrell, and Sgt. Eddy Ruiz in connection with this incident. (ECF No. 1, Complaint at 3-5.) The Complaint generally alleges that these Defendants have a duty to protect inmates housed at the jail and are responsible for inmate safety. (*Id.* at 5.) He further alleges that they failed to protect him and also failed to supervise and train their subordinates. (*Id.*) The Complaint also alleges that an "unknown officer" failed to conduct his rounds. (*Id.*)

Plaintiff's civil rights claims arise under 42 U.S.C. § 1983 (*see* Complaint at 2), and the Court construes him to sue the named Defendants in their individual capacities for damages. (*Id.* at 5.) From the outset, Plaintiff may be attempting to hold the named Defendants vicariously liable for the conduct of the unknown officer who failed to conduct his rounds, but vicarious liability is not a valid basis for a § 1983 claim. Indeed, "[i]n a § 1983 suit . . . masters do not answer for the torts of their servants" and "each Government official . . . is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677; *see id.* at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff also asserts that the named Defendants failed to protect him from being stabbed by another inmate and failed to supervise and train their subordinates. To state a § 1983 claim against a prison official for failure to protect, "the inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's

deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "Deliberate indifference" is a subjective standard whereby "'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Id.* (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). Negligence is insufficient to support a claim that the prison official failed to protect the inmate. *Farmer*, 511 U.S. at 835. A claim for supervisory liability or liability based upon a failure to train or supervise has four elements: (1) that an existing policy created an unreasonable risk of constitutional injury; (2) the supervisor was aware of this unreasonable risk; (3) the supervisor was indifferent to the risk; and (4) the injury resulted from the policy or practice. *See Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989).

The Complaint fails to plead sufficient facts showing that Defendants Scott, Murrell, and/or Ruiz knew that there was a substantial risk that Plaintiff (or inmates generally) would be stabbed by another inmate and acted with deliberate indifference to his safety or failed to train or supervise their subordinates. His general allegations against the named Defendants are conclusory in nature and are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681. The Court dismisses the § 1983 claims against the named Defendants and provides leave to amend.

Plaintiff also alleges that an unknown officer failed to do his rounds. To the extent Plaintiff seeks relief from the unknown officer under § 1983, negligence is not a sufficient basis for liability under 1983. *See Farmer*, 511 U.S. at 835. This claim is likewise dismissed without prejudice with leave to amend.

Plaintiff may be attempting to raise state law claims in addition to his § 1983 claims. At this time, the Court declines supplemental jurisdiction over any state law claims in light of the dismissal of the federal claims. *See* 28 U.S.C. § 1367(c)(3).

In conclusion, the Court denies without prejudice Plaintiff's IFP application, dismisses the federal claims without prejudice under its screening authority, declines supplemental jurisdiction over any state law claims, and permits Plaintiff to submit a complete IFP application and an amended complaint within 45 days.  An appropriate Order follows.

ROBERT KIRSCH
United States District Judge